1  KAREN P. HEWITT
   United States Attorney
2  NICOLE ACTON JONES
   Assistant U.S. Attorney
3  California State Bar No. 231929
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5482
   E-mail: nicole.jones@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10
   UNITED STATES OF AMERICA        ) Criminal Case No. 07CR3208-BEN
11                                 )
                   Plaintiff,      )
12                                 ) **GOVERNMENT'S RESPONSE AND**
                                   ) **OPPOSITION TO DEFENDANT'S MOTIONS**
13      v.                         ) **FOR:**
                                   )
14                                 ) **(1) DISCOVERY;**
   RAUL ARREOLA-MONTES,            ) **(2) LEAVE TO FILE FURTHER MOTIONS;**
15                                 ) **(3) A FURTHER HEARING DATE**
                                   )
16                 Defendant.      ) **TOGETHER WITH STATEMENT OF FACTS**
                                   ) **AND MEMORANDUM OF POINTS AND**
17                                 ) **AUTHORITIES**
                                   )
18                                 ) Date:    January 22, 2007
                                   ) Time:    2:00 p.m.
19  _____  ) Court:   The Hon. Roger T. Benitez

20
        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,
21
   Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and
22
   hereby files its Response and Opposition to Defendant's above-captioned motions.  Said response is
23
   based upon the files and records of this case together with the attached statement of facts and
24
   memorandum of points and authorities.
25
   / /
26
   / /
27
   / /
28

I

## STATEMENT OF THE CASE

On November 28, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Raul Arreola-Montes ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326.  On December 5, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

## STATEMENT OF FACTS

**A.    Defendant's Apprehension**

On September 2, 2007, at approximately 6:30 p.m. Border Patrol Agent Carrillo responded to a citizen's report at Matolla's Ranch on the Madre Grande Truck Trail (a location approximately six miles west and 5 miles north of the Tecate Port of Entry).  Upon arriving at the ranch, Agent Carrillo encountered a single individual, who was later identified as Defendant Arreola-Montes.  Agent Carrillo identified himself as a Border Patrol Agent and conducted an immigration interview.  Defendant admitted he was a Mexican citizen and that he did not have documents allowing him to be in the United States legally.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. On September 3, 2007, at about 12:52 p.m., Agent Gonzalez advised Defendant of his Miranda rights in the Spanish language.  Defendant elected to waive his rights and make a statement.  Defendant admitted to being a citizen of Mexico and that he had previously been deported.  Defendant stated he entered the United States by walking through the mountains near Tecate, California.  Defendant admitted he did not ask for or receive permission to reenter the United States.  Defendant stated he was going to Los Angeles.

**B.    Defendant's Criminal and Immigration History**

On August 7, 2006, Defendant was convicted in the Superior Court of California, County of San Francisco, of violating HS 11378 – Possession of a Controlled Substance for Sale.  Defendant was sentenced to 16 months in custody.

1      On August 31, 2005, Defendant was convicted in the Superior Court of California, County of

2  Contra Costa, of violating HS 11378 – Possession of a Controlled Substance for Sale (based on a 2004

3  offense) and HS 11350 - Possession of Controlled Substance (based on a 2002 offense) . Defendant was

4  sentenced to 16 months in custody on each count, to run concurrently.

5      On April 26, 2004, Defendant was convicted in the Superior Court of California, County of

6  Contra Costa, of violating VC 14601.2(a) – Driving with a Suspended License.  Defendant received 2

7  years probation.  On January 9, 2002, Defendant was convicted in the Superior Court of California,

8  County of Contra Costa, of violating VC 23152(a) – DUI.  Defendant received 3 years probation.

9      Defendant appeared before an Immigration Judge for a deportation hearing on March 1, 2007

10 Defendant was physically removed from the United States through the Calexico, California Port of Entry

11 on March 5, 2007.

12                                          **III**

13                              **DEFENDANT'S MOTIONS**

14 **A.      MOTION TO COMPEL DISCOVERY**

15      **1.      Discovery in this Matter is Current**

16      The Government has and will continue to fully comply with its discovery obligations. To

17 date, the Government has provided Defendant with 133 pages of discovery, 4 audio cassettes and one

18 DVD.  This discovery the relevant arrest reports, A-file documents, Defendant's rapsheet and

19 conviction documents, and Defendant's post-arrest statement.  On January 3, 2008, Defense counsel

20 was allowed to personally review Defendant's A-file and select documents for copying.  On that date

21 the Government also provided counsel with the audiotapes from Defendant's March 1, 2007 hearing

22 before an Immigration Judge.  Furthermore, the Government will request that the arresting agency

23 preserve any evidence the Government intends to introduce in its case-in-chief or that may be

24 material to the defense.

25      **2.      The Government Has and Will Continue to Comply With Its Discovery**
            **Obligations**

26

27      The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland,

28 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure.

1  As set forth above, the Government has complied and will continue to comply with its discovery

2  obligations going forward.

3         As to exculpatory information, the United States is aware of its obligations under Brady v.

4  Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply.

5  The United States will also produce any evidence of bias/motive or impeachment of any of its

6  witnesses of which it becomes aware.  An inquiry pursuant to United States v. Henthorn, 931 F.2d 29

7  (9th Cir. 1991) will also be conducted.

8         The United States will provide a list of witnesses at the time the Government's Trial

9  Memorandum is filed.  The grand jury transcript of any person who will testify at trial will also be

10  produced.  The United States will produce any reports of experts that it intends to use in its case-in-

11  chief at trial or such reports as may be material to the preparation of the defense.

12         The United States has provided information within its possession or control pertaining to the

13  prior criminal history of Defendant.  If the Government  intends to offer any evidence under

14  Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

15         To the extent Defendant requests other specific documents or types of documents, the

16  Government will continue to disclose any and all discovery required by the relevant discovery rules.

17  Accordingly, the Government respectfully requests that no orders compelling specific discovery by

18  the United States be made at this time.

19         **3.    The Government Objects to Requests for Discovery That Go Beyond Any
              Statutory or Constitutional Disclosure Provision.**
20                *a.    Impeachment Evidence*

21         The Government recognizes its obligation under Brady and Giglio to provide material

22  evidence that could be used to impeach Government witnesses including material information related

23  to perception, recollection, ability to communicate, or truth telling.  The Government, however,

24  strenuously objects to providing any evidence that a witness has ever used narcotics because such

25  information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional

26  or statutory disclosure provision.  [Def's Memorandum, Ex. A ¶ 13.] Nor is Defendant entitled to

27  evidence of "any and all prior bad acts" of prospective witnesses.  [Id.]  The Government will,

28  however, provide the conviction record, if any, which could be used to impeach witnesses the United

1    States intends to call in its case-in-chief.  An inquiry pursuant to United States v. Henthorn, 931 F.2d

2    29 (9th Cir. 1991) will also be conducted.

3                        **b.        Grand Jury Transcripts**

4            Defendant has requested discovery of the Court's instructions to the grand jury. [Def's

5    Memorandum at 2.] Defendant can order this transcript himself, but because the Government has

6    copies of the transcript from other cases, the Government will provide Defendant with copies of the

7    requested transcript.

8            Defendant has also requested discovery of the transcript of witness testimony before the

9    grand jury in Defendant's specific case.  As stated above, the Government will produce the grand

10   jury testimony of any witness who will testify at trial.  Defendant has failed to support his motion for

11   the grand jury transcripts of non-testifying witnesses with anything even remotely approximating the

12   requisite need to invade the sanctity of the grand jury's deliberations.  As such, his motion should be

13   denied.

14           The need for grand jury secrecy remains paramount unless the defendant can show "a

15   particularized need" that outweighs the policy of grand jury secrecy.  United States v. Walczak, 783

16   F.2d 852, 857 (9th Cir. 1986); United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985).  The

17   grand jury may indict someone based on inadmissible evidence or evidence obtained in violation of

18   the rights of the accused.[1/]  Tracing the history of the grand jury from English common law, the U.S.

19   Supreme Court has observed that grand jurors were not hampered by technical or evidentiary laws,

20   and traditionally could return indictments based not on evidence presented to them at all, but on their

21   own knowledge of the facts.  See Costello, 350 U.S. at 363.  In light of this tradition, the Court held

22   that "neither the Fifth Amendment nor any other constitutional provision prescribes the kind of

23

24

25           [1/] See, e.g., United States v. Mandujano, 425 U.S. 564 (1976) (indictment brought based on
     evidence obtained in violation of defendant's right against self-incrimination); United States v. Calandra,
     414 U.S. 338, 343 (1974); United States v. Blue, 384 U.S. 251 (1966) (indictment brought based on
26   evidence obtained in violation of defendant's right against self-incrimination); Lawn v. United States,
     355 U.S. 339 (1958); Costello v. United States, 350 U.S. 359, 363 (1956) ("neither the Fifth Amendment
27   nor any other constitutional provision prescribes the kind of evidence upon which grand juries must
     act"); see also Reyes v. United States, 417 F.2d 916, 919 (9th Cir. 1969); Johnson v. United States, 404
28   F.2d 1069 (9th Cir. 1968); Wood v. United States, 405 F.2d 423 (9th Cir. 1968);  Huerta v. United
     States, 322 F.2d 1 (9th Cir. 1963).

                                                    5                                   07CR3208-BEN

evidence upon which grand juries must act," and that grand jury indictments could not be challenged based on the insufficiency or incompetence of the evidence. Id. Rather, "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." Id. at 409. Accordingly, Defendant's motion for the production of grand jury transcripts of non-testifying witnesses should be denied.

**B.    MOTION FOR LEAVE TO FILE FURTHER MOTIONS AND FURTHER HEARING DATE**

The United States does not object to the granting of leave to allow Defendant to file further motions or for a further hearing date, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

**IV**

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that its motions be granted.

DATED:  January 15, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney


/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3208-BEN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAUL ARREOLA-MONTES, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Gerald McFadden

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2008.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney

7                                          07CR3208-BEN