GERALD T. McFADDEN (SBN 87446)
Attorney at Law
2366 Front Street
San Diego, CA  92101
(619) 338-0507
E-mail:  gtmfadden@hotmail.com

Attorney for Defendant
RAUL ARREOLA-MONTES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. ROGER T. BENITEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | Crim. Case No. 07CR3208-BEN |
| ) | |
| Plaintiff,  ) | STATEMENT OF FACT AND |
| ) | POINTS AND AUTHORITIES |
| v.  ) | IN SUPPORT OF MOTIONS |
| ) | |
| RAUL ARREOLA-MONTES,  ) | |
| ) | |
| Defendant.  ) | NCD: February 25, 2008 |
| _____ ) | at 2:00 p.m. |

**I. STATEMENT OF FACTS**

The defendant, RAUL ARREOLA-MONTES, is charged with being an alien who was previously deported who was found in the United States on September 2, 2007, without official permission in violation of 8 U.S.C. § 1326.

On September 2, 2007, at about 6:30 p.m., in response to a report from a citizen, U.S.B.P. Agent Carrillo went to Matolla's Ranch on the Madre Grande Truck Trail about 6 miles west and five miles north of the Tecate Port of Entry.  Agent Carrillo encountered this defendant and questioned him, apparently without <u>Miranda</u> warnings, and the defendant is purported to have said that he was a citizen of Mexico without any immigration documents to enter or remain in the United States.

The defendant was arrested and transported to the State Route 94 Brown Field Calexico Border Patrol Station for processing.  There, the defendant was questioned again regarding

1

1  biographical and immigration information apparently without Miranda warnings and the defendant
2  again made incriminating responses and fingerprints and photographs were taken which information,
3  fingerprints and photographs were used to obtain additional information and evidence.
4      On September 3, 2007, at about 12:52 p.m., the defendant was advised that certain
5  administrative rights per DHS Form I-826 no longer applied, was advised of Miranda rights, and the
6  defendant made incriminating responses.

## II. POINTS AND AUTHORITIES

A.    MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS MADE BY THE DEFENDANT AS OF THE TIME THE DEFENDANT WAS IN CUSTODY[1]

    1.    Fourth Amendment

Defendant ARREOLA-MONTES moves to suppress any and all physical evidence and statements obtained from him as of the time the defendant was detained and arrested.

The government has the burden to prove the reasonableness of warrantless detentions, arrests and searches. Beck v. State of Ohio, 379 U.S. 89, 97, 85 S.Ct. 223, 229 (1964); United States v. Carbajal, 956 F.2d 924, 930 (9th Cir. 1992); United States v. Wheeler, 800 F.2d 100, 102 (7th Cir. 1986); United States v. Longmmire, 761 F.2d 411, 417 (7th Cir. 1985); United States v. Impson, 482 F.2d 197, 199 (5th Cir.), cert denied, 414 U.S. 1009 (1973).

The defense contends that the attendant circumstances did not give rise to the necessary basis to detain or probable cause to arrest ARREOLA-MONTES.

A detention or seizure of a person requires reasonable suspicion. A detention or seizure occurs when a reasonable person would not feel free to disregard the police and go about his business. A seizure does not occur simply because a police officer approaches an individual and asks a few questions. But, when a police officer, by means of physical force or show of authority, acts such as would cause a reasonable person not to feel free to disregard him, a detention or seizure has occurred. Kaupp v. Texas, 538 U.S. 626, 630 (2003); Florida v. Bostick, 501 U.S. 429, 434 (1991).

A warrantless arrest requires probable cause to believe that a criminal offense has been or is

---

[1] The declaration of the defendant under CrimLR 47.1(g) is attached as Exhibit A.

1 being committed. <u>Devenpeck</u> v. <u>Alford</u>, 543 U.S. 146 (2004); <u>Kaupp</u> v. <u>Texas</u>, *supra*.

2     The defendant's statement and physical evidence that was the result of his unlawful detention
3 and arrest and fruits thereof must be suppressed. <u>Taylor</u> v. <u>Alabama</u>, 457 U.S. 687, 102 S.Ct. 2664
4 (1982).

5         2.    <u>Fifth Amendment</u>

6     The defense also moves to suppress any and all statements of defendant after custody and any
7 fruits thereof on delay, <u>Miranda</u>, and voluntariness grounds.

8     <u>Delay</u>

9     According to discovery, the third questioning of the defendant on September 3, 2007, at
10 about 12:52 p.m. was about 18 hours after arrest and the statements should be suppressed based on
11 this lengthy delay and the delay in bringing the defendant before a Magistrate Judge which did not
12 occur until September 4, 2007. (See C.R. 2 in 07CR2723.) F.R.Cr.P. 5(a)(1); 18 U.S.C. § 3501(c).

13     <u>Miranda</u>

14     An individual is in custody when, under the circumstances, "a reasonable person [would]
15 have felt he or she was not at liberty to terminate the interrogation and leave." <u>Thompson</u> v.
16 <u>Keohane</u>, 516 U.S. 99, __, 116 S.Ct. 457, 465 (1995).

17     The Government must prove that this defendant knowingly, intelligently, and voluntarily
18 waived his rights against self-incrimination and to counsel, and must prove that the statements taken
19 from this defendant were obtained in compliance with the defendant's Fifth and Sixth Amendment
20 rights in the context of custodial interrogation. <u>Miranda</u> v. <u>Arizona</u>, *supra*, 384 U.S. 436, 445, 86
21 S.Ct. 1602, 1612, 16 L.Ed. 694 (1966).

22     "Our holding will be spelled out with some specificity in the pages
which follow but briefly stated it is this: <u>the prosecution may not use</u>
23     <u>statements</u>, whether exculpatory or inculpatory, <u>stemming from</u>
<u>custodial interrogation</u> of the defendant <u>unless it demonstrates the use</u>
24     <u>of procedural safeguards effective to secure the privilege against self-</u>
<u>incrimination</u>. By custodial interrogation, we mean questioning
25     initiated by law enforcement officers after a person has been taken into
custody or otherwise deprived of his freedom of action in any
26     significant way. As for the procedural safeguards to be employed,
unless other fully effective means are devised to inform accused
27     persons of their right of silence and to assure a continuous opportunity
to exercise it, the following measures are required. Prior to any
28     questioning, the person must be warned that he has a right to remain
silent, that any statement he does make may be used as evidence

3

against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned." Id. at 384 U.S. at 445, 86 S.Ct. at 1612, 16 LED.2d at 706-07. (Footnote omitted.) (Emphasis added.)

"If the interrogation continues without the presence of an attorney and a statement is taken, <u>a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.</u> This Court has always set high standards of proof for the waiver of constitutional rights, and we re-assert these standards as applied to in-custody interrogation. Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, <u>the burden is rightly on its shoulders.</u>" Id., 384 U.S. at 475, 86 S.Ct. at 1628. (Citation omitted.) (Emphasis added.)

The failure to advise the defendant that anything said "can and will" be used against you rendered the warnings given inadequate. As the Ninth Circuit stated in Collazo v. Estelle, 940 F.2d 411, 418 (9th Cir. 1991) (*en banc*), cert. denied, 112 S.Ct. 870 (1992):

"<u>Miranda's</u> stated purpose [is] of making 'the individual more acutely aware that he is faced with a phase of the adversary system - that he is not in the presence of persons acting solely in his interest.'"

The Court referenced that part of the Miranda decision where the Supreme Court stated:

"<u>The warning of the right to remain silent must be accompanied by the explanation that anything said can and will be used against the individual in court.</u> This warning is needed in order to make him aware not only of the privilege, but also of the consequences of forgoing it. It is only through an awareness of these consequences that there can be any assurance of real understanding and intelligent exercise of the privilege. Moreover, this warning may serve to make the individual more acutely aware that he is faced with a phase of the adversary system--that he is not in the presence of persons acting solely in his interest." Miranda v. Arizona, 348 U.S. 436, 469 (1966). (Emphasis added.)

Under the circumstances here, the questions were reasonably likely to elicit an incriminating response from the suspect when they were asked; and so, had to be preceded by Miranda warnings.

United States v. Mata-Abundiz, 717 F.2d 1277 (9th Cir. 1983).

Finally, the post warning questioning and statements of the defendant must be excluded under Missouri v. Seibert, 542 U.S. 600, 124 S.Ct. 2601 (2004). This Court must suppress the post warning confession obtained during a deliberate two-step interrogation — within the meaning of Seibert — where the midstream Miranda warning was objectively ineffective to apprise the suspect of his rights. United States v. Williams, 435 F.3d 1148, 1150, 1159 (9th Cir. Jan. 30, 2006).

Voluntariness.

Before a confession or any self-incriminating statement made orally or in writing is admissible in evidence, the Court must determine that the confession was given voluntarily. Lego v. Twomey, 404 U.S. 477, 489, 92 S.Ct. 619, 626, 30 LED 2d 618 (1972); 18 U.S.C. §3501(a). The government bears the burden of establishing the confession's voluntariness. Lego v. Twomey, *supra*; United States v. Jenkins, 938 F.2d 934, 937 (9th Cir. 1991).

> "The ultimate test remains that which has been the only clearly established test in Anglo-American courts for two hundred years: the test of voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker: If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process." Schneckloth v. Bustamonte, 412 U.S. 218, 225-26, 93 S.Ct. 2041, 36 LED 2d 854 (1973). United States v. Jenkins, 938 F.2d 934, 938 (9th Cir. 1991).

Also "the admissibility of a confession turns as much on whether the techniques for extracting the statements ... are compatible with a system that presumes innocence and assures that a conviction will not be secured by inquisitorial means as on whether the defendant's will was in fact overborne." Miller v. Fenton, 474 U.S. 104, 116, 106 S.Ct. 445, 452, 88 LED. 2d 405 (1985); United States v. Jenkins, *supra*.

In considering whether a confession is voluntary the Court must take into consideration all the circumstances surrounding the giving of the confession. Schneckloth v. Bustamonte, 412 U.S. 218, 226-27, 93 S.Ct. 2041, 2047, 36 LED. 2d 854 (1973); 18 U.S.C. §3501(b). Relevant factors include past history, education, delay, threats, and promises. An unlawful arrest is a relevant factor. A Court must specifically consider the following five factors under 3501(b):

> (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before

arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

B. <u>LEAVE TO FILE FURTHER PRETRIAL MOTIONS AND FURTHER HEARING DATE</u>.

The defense requests leave to file further pretrial motions and a further hearing date as the facts are further developed and the defense has had the opportunity to review additional discovery. The defense will file a motion to dismiss the indictment as based on an invalid deportation. The defense has reviewed the "A" file and received the deportation tape supplied in discovery. However, the deportation includes four tapes and a large number of individuals. In addition, there is background humming and buzzing on the tape. This defendant's hearing has now been identified and counsel is in the process of re-reviewing the tape to identify the contents despite the background noise.

### III. CONCLUSION

For these reasons and any further reasons which come to this Court's attention prior to or at the time of the hearing of these motions, counsel respectfully requests that this Court grant these motions.

Respectfully submitted,

Dated: February 11, 2008        s/Gerald T. McFadden
                                GERALD T. McFADDEN, Attorney for
                                Defendant RAUL ARREOLA-MONTES
                                E-mail: gtmcfadden@hotmail.com

```
GERALD T. McFADDEN (SBN 87446)
Attorney at Law
2366 Front Street
San Diego, CA  92101
(619) 338-0507
E-mail: gtmfadden@hotmail.com

Attorney for Defendant
RAUL ARREOLA-MONTES
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. ROGER T. BENITEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAUL ARREOLA-MONTES,<br><br>Defendant. | Crim. Case No. 07CR03208-BEN<br><br>DECLARATION OF DEFENDANT REGARDING MOTION TO SUPPRESS<br><br>NCD: February 25, 2008<br>at 2:00 p.m. |

I, RAUL ARREOLA-MONTES, hereby state, under penalty of perjury, that:

1. I am charged as the Defendant in the indictment in the above-captioned case.

2. I was detained and questioned without any warnings as to citizenship, nationality, legality of presence, and immigration documents by United States Border Patrol Police on September 2, 2007, at about 6:30 p.m. in the area of Tecate, California, and made statements.

3. I was arrested and taken to a Border Patrol Station.

4. As far as I know, there was no warrant for my detention or arrest.

5. At the station, I was again questioned without any warnings and made statements and fingerprinted and photographed.

6. Later at the station, I was given warnings, questioned again, and made statements.

Executed this _11_ day of _Febrero_, 200_8_ at San Diego, California.

_/s/ Raul Montes_
RAUL ARREOLA-MONTES

Translated by: Danielle Leyva on 2/11/08

EXHIBIT A