1  GERALD T. McFADDEN (SBN 87446)
   Attorney at Law
2  2366 Front Street
   San Diego, CA  92101
3  (619) 338-0507
   E-mail:  gtmfadden@hotmail.com
4

5  Attorney for Defendant
   RAUL ARREOLA-MONTES
6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                     (HON. ROGER T. BENITEZ)

11  UNITED STATES OF AMERICA,    )    Crim. Case No. 07CR3208-BEN
                                 )
12                 Plaintiff,    )    STATEMENT OF FACTS
                                 )    AND POINTS AND AUTHORITIES
13  v.                           )    IN SUPPORT OF MOTION
                                 )
14  RAUL ARREOLA-MONTES,         )
                                 )
15                 Defendant.    )    NCD:  April 18, 2008
    _____    )           at 2:00 p.m.
16

17                        **I. THE INDICTMENT**

18       The caption of the indictment states "Title 8, U.S.C., Secs. 1326 (a) and (b) - Deported Alien

19  Found in the United States."

20       The indictment as pertinent states:

21            "The grand jury charges:  On or about September 2, 2007, ... defendant
              ... an alien... who previously had been excluded, deported and removed
22            from the United States ... was found in the United States without the
              Attorney General ... having expressly consented to the defendant's
23            reapplication for admission into the United States; in violation of title 8,
              United States Code, Sections 1326 (a) and (b).
24
              It is further alleged that defendant ... was removed from the United States
25            subsequent to August 7, 2006."

26       The indictment charges all of section (b) which includes subsections (1) through (4).

27                          **II. OVERVIEW**

28       The indictment specifically alleges a violation of Section 1326(b) without reference to which

                                    1

1  of four subparagraphs or related facts are involved.  This is manifestly insufficient as a matter of

2  constitutional and statutory law.

3      It is of course true that in <u>Almendarez-Torres</u>, 523 U.S. 224 (1998), the Supreme Court

4  interpreted the 1995 version of § 1326(b) — (b)(1) and (b)(2) — as setting forth sentencing factors

5  and not separate criminal offenses.

6      But, § 1326(b) has been amended to add subparagraphs (b)(3) and (b)(4) which are clearly

7  separate criminal offenses; and the indictment's general reference to their violation is

8  constitutionally and statutorily inadequate.  With the 1996 amendments to and directives regarding

9  § 1326(b), Congress intended all four subparagraphs of § 1326(b) to set forth separate criminal

10  offenses as of that time.

11      The indictment's charge of a violation of all of subsection (b) charges two and more offenses

12  in a single count in violation of F.R.Cr.P. 8.

13      Finally, even apart from the 1996 amendments, the indictment is insufficient under

14  <u>United States</u> v. <u>Salzar-Lopez</u>, 5-06 F.3d 748 (9th Cir. 2007).

15      **III.  THE 1996 AMENDMENT TO § 1326(b) AND ALMENDAREZ-TORRES**

16      Section 1326(b) was amended after the 1995 version interpreted in <u>Almendarez-Torres</u> v.

17  <u>United States</u>, 523 U.S. 224 (1998).

18      It is the defense position that Congress intended and the amended § 1326(b) provides that

19  subparagraphs (b)(1) through (b)(4) set out separate criminal offenses.

20      In <u>Almendarez-Torres</u> v. <u>United States</u>, 523 U.S. 224 (1998), the Supreme Court held that

21  Congress intended the Section 1326(b), in effect in 1995, to set forth sentencing factors and not

22  separate criminal offenses (<u>Id.</u> at 235) and that the constitution did not preclude the legislature from

23  authorizing a higher statutory maximum sentence for recidivism (as § 1326(b)(2) does) as a

24  sentencing factor rather than an element of the offense (<u>Id.</u> at 236-237).

25      The Supreme Court's interpretation of 1326(b) — that it set forth a sentencing factor and not

26  a separate criminal offense — was strongly influenced by the fact that in the 1995 version of the

27  statute  "the provision simply authorizes an enhanced sentence when an offender also has an earlier

28  conviction" ..."simply authorizes a court to increase the sentence for a recidivist."  (<u>Id.</u> at 226.)  In

looking at the statute's language to determine Congress' intent, the Court stated "At the outset we note that the relevant statutory subject matter is recidivism.  That subject matter — prior commission of a serious crime — is as typical a sentencing factor as one might imagine....  Perhaps reflecting this fact, the lower courts have almost uniformly interpreted statutes (that authorize higher sentences for recidivists) as setting forth sentencing factors, not as creating new crimes, (at least where the conduct, in the absence of the recidivism, is independently unlawful).  ...  With recidivism in mind, we turn to the statute's language." (Id. at 230, citations omitted.)

In 1995, the subsection (b) provisions only provided for increased penalties based on various prior convictions.

But in 1996, subsection (b) was amended.  The Court stated the later amendments were "beside the point... do not declare the meaning of earlier law...[did not provide guidance] "about how courts should interpret the earlier provisions; [and], "[r]egardless, it is not obvious that the two new subsections ... create new crimes (a matter on which we express no view) nor, in adding them, did Congress do more than leave the legal question here at issue where it found it." (Id. at 237.)

The 1996 amendments added subparagraphs (b)(3) and (b)(4) and also a statutory directive referring to (b)(1) through (b)(4) as "offenses."

Section 1326(b) now contains 4 subparagraphs.  Each of these subparagraphs contain different material facts that fix a different higher maximum sentence than that fixed by the material facts set out in Section 1326(a).

Subparagraphs (1)[1] and (2)[2] reference various types of convictions as material facts which fix different higher maximum sentences.  Subsections (3)[3] and (4)[4] reference different material non-

---

[1] (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under title 18, United States Code, imprisoned not more than 10 years, or both.

[2] (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both.

[3] (3) who has been excluded from the United States pursuant to section 1225(c) of this title because the alien was excludable under section 1182(a)(3)(B) of this title or who has been removed from the United States pursuant to the provisions of subchapter V of this chapter, and who thereafter, without

3

conviction facts which fix a different higher maximum sentence.

Subparagraph three references (1) aliens excluded on the basis that a consular officer or the Attorney General knows or has reason to believe that the alien sought to enter to engage even incidentally in an extraordinarily wide variety of conduct under a general heading of "security and related grounds" set out 8 U.S.C. § 1182(a)(3); and, (2) aliens removed under the alien terrorist removal procedures (8 U.S.C. § 1531 et. seq.) which applies again to an extraordinarily wide variety of conduct either within or outside of the United States.  8 U.S.C. § 1531(1), 8 U.S.C. § 1227(a)(4)(B), 8 U.S.C. § 1182(a)(3)(B) and (F).

Subparagraph four references aliens removed prior to the completion of a federal or state conviction for certain offenses under other specified conditions.

Also, Congress in 1996 directed the Sentencing Commission to amend the sentencing guidelines for "offenses" under § 1326(b). Sec. 334, 110 Stat. 3009-6007[5];  indicating that all the subparagraphs of § 1326(b) set out separate criminal offenses as of 1996.

As of the time of the 1996 amendments to Section 1326(b) and the legislative directive, Congress was aware of the caselaw distinction between offenses and sentencing factors and its significance, see, e.g., McMillan v. Pennsylvania, 477 U.S. 79, 85-86 (1986); aware that other legislatures had addressed the issue by expressly identifying certain matters as sentencing factors, Id.; aware of the caselaw discussion of this very issue regarding Section 1326(b)(1) and (b)(2), and the circuit court conflict on the issue.  See, e.g., United States v. Vasquez-Olvera, 999 F.2d 943 (5th Cir. 1993) and Almendarez-Torres v. United States, supra, 523 U.S. at 227-28.

In interpreting Congress' intent, the courts presume that Congress enacts statutes with full knowledge of the existing law, including caselaw.  E.g., United States v. Gonzalez-Mendez, 150

---

permission of the Attorney General, enters the United States, or attempts to do so, shall be fined under title 18, United States Code, and imprisoned for a period of 10 years, which sentence shall not run concurrently with any other sentence.

[4] (4) who was removed from the United States pursuant to section 1231(a)(4)(B) of this rule who thereafter, without permission of the Attorney General, enters, attempts to enter, or is at any time found in, the United States (unless the Attorney General has expressly consented to such alien's reentry) shall be fined under title 18, United States Code, imprisoned for not more than 10 years, or both.

[5] Almendarez-Torres v. United States, supra, 524 U.S. at 236-37; and at 269-70 (Scalia, J. dissenting).

4

1   F.3d 1058, 1060-61 (9th Cir. 1998), cert. denied, 525 U.S. 1010 (1998).

2       The language and factual references chosen by Congress for the 1996 amendments adding

3   subparagraphs (3) and (4) to Section 1326(b) are clearly that of offenses rather than sentencing

4   factors.

5       In light of this context, Congress' express choice to describe (b)(1) through (b)(4) as

6   "offenses" in its statutory directive regarding guideline penalty amendments manifests congressional

7   intent that, as of the 1996 statutory amendments and directives, subparagraphs (b)(1) and (b)(4) are

8   offenses and not sentencing factors.  Bragdon v. Abbott, 524 U.S. 625, 632 (1998) ("Congress'

9   repetition of a well-established term carries the implication that Congress intended the term to be

10  construed in accordance with pre-existing ... interpretations"); Brewster v. Gage, 280 U.S. 327, 336

11  (1930) ("The deliberate selection of language so differing from that used in the earlier Acts indicates

12  that a change of law was intended"); Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999) ("When

13  Congress alters the wording of a statute, we presume that Congress intended a change in the law."),

14  cert. denied, 529 U.S. 1009 (2000); United States v. Averson, 162 F.3d 1015, 1023 (9th Cir. 1998).

15      And, as a matter of constitutional law as to subparagraphs (b)(3) and (b)(4), it is also so.

16  Jones v. United States, 526 U.S. 227, 244 n.1 (1999) ("[U]nder the Due Process Clause of the Fifth

17  Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than

18  prior conviction) that increases the maximum penalty for a crime must be charged in an indictment,

19  submitted to a jury, and proven beyond a reasonable doubt.")

20      The indictment does not allege which subsections of (b) is violated.  The indictment does not

21  identify any of the many possible fact events covered in (b)(1) through (b)(4).  The indictment does

22  not identify the related timing of the possible events.

23                          **IV.  DISCUSSION OF SUFFICIENCY**

24      It has always been the constitutional law that, while the number and the language of a statute

25  may be used in the general description of an offense and may sometimes be adequate; an indictment

26  must always contain a full, direct, express, uncertain, unambiguous statement of all the elements

27  [material facts] necessary to constitute the offense [set of material facts] warranting a specific level

28  of maximum punishment.  United States v. Carll, 105 U.S. 611, 612 (1882).

                                    5

1    This is still our constitutional and statutory law[6] even though the words used are not only

2    elements and offense but material facts, sets of material facts, and maximum punishments.

3    While one might observe in response to this motion that prosecutions under 8 U.S.C.

4    § 1326(b)(2) are commonplace in this district; such an observation would not address the merits of

5    the motion because neither discovery nor a bill of particulars can cure an invalid indictment;[7] an

6    individual defendant's place is not always a common one which is of course a practical reason to act

7    consistent with constitutional and statutory law; and, if properly challenged before trial, an

8    indictment's failure to allege an essential element [material fact] of a charged offense is not a minor

9    or technical flaw subject to harmless error analysis but a fatal flaw requiring dismissal of an

10   indictment.[8]

11   The material fact possibilities and variations under § 1326(b) are so numerous and material

12   fact allegations so absent from the indictment that the indictment's insufficiency is manifest and it

13   must be dismissed.

14

15   _____

16   [6] The Sixth Amendment to the United States Constitution provides that "[i]n all criminal
     prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the
17   accusation." The Fifth Amendment provides that "[n]o person shall be held to answer for a . . . infamous
     crime, unless on a presentment or indictment of a Grand Jury . . . nor be deprived of life, liberty, or
18   property, without due process of law . . ." F.R.Cr.P. 7 (c)(1) provides that "[t]he indictment . . . shall
     be a plain, concise and definite written statement of the essential facts constituting the offense charge."
19        An indictment must furnish the defendant with a sufficient description of the charge against him:
     1) to enable him to prepare his defense; 2) to insure that the defendant is being prosecuted on the basis
20   of the facts presented to the grand jury; 3) to enable the defendant to plead jeopardy against a later
     prosecution; and 4) to inform the Court of the facts alleged so that it can determine the sufficiency of
21   the charge. Russell v. United States, 369 U.S. 749, 763-64, 82 S.Ct. 1038, 1047 (1962).

22   [7]"[A] bill of particulars cannot save an invalid indictment. The very purpose of the requirement
     that a man be indicted by a grand jury is to limit his jeopardy to offenses charged by a group of his
23   fellow citizens acting independently of either prosecuting attorney or judge. ... Rather than the
     assurance that a body of fellow citizens had assessed the facts and determined that an individual should
24   face prosecution, the prosecutor would be in a position to second guess what actually happened within
     the grand jury and fill in the gaps with what he assumed transpired. ... For similar reasons, 'open file'
25   discovery cannot cure an invalid indictment." United States v. Cecil, 608 F.2d 1294, 1296 (9th Cir.
     1979).

26   [8] United States v. DuBo, 186 F.3d 1177, 1179 (9th Cir. 1999); United States v. Omer, 395 F.3d
     1087, 1088 (9th Cir. 2005), cert. denied, 127 S.Ct. 1118 (2007); United States v. Salazar-Lopez, 506 F.3d
27   748 (9th Cir. 2007) (holding that, an indictment alleging a violation of § 1326(b) must allege that the
     defendant was removed from the United States subsequent to his conviction of a felony for punishment
28   under (b)(2) and recognizing that DuBo was still the valid applicable law but not applying it in that case
     and applying a harmless error analysis because the omission of the allegation of the temporal relationship
     from the indictment was not objected to before trial).

**V. DUPLICITY — SECTION 1326(b)**

The indictment charges more than two offenses [set of material facts] in a single count.

An indictment may not charge two (or more) offenses [set of material facts] in one count.

F.R.Cr.P. 8(a); United States v. Aguilar, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985).

**VI.  SECTION 1326 (b)(1) and (2)**

If the Court decides that subparagraphs (b)(1) and (b)(2) are not offenses as of 1996 and the subparagraphs (b)(3) and (b)(4) are not charged in the indictment, the allegations of the indictment are still constitutionally and statutorily insufficient.

In United States v. Salazar-Lopez, 506 F.3d 748 (9th Cir. 2007), the Ninth Circuit indicated that to be sufficient, an indictment charging a violation of Section 1326(b)(1) or (2) must allege either that the defendant has been previously removed subsequent to a conviction (*i.e.*, for a misdemeanor, a felony, an aggravated felony, or a crime of violence), or it must allege a specific date of the prior removal.  In this case, the indictment only alleges that the defendant "was removed from the United States subsequent to August 7, 2006."  The indictment does not allege either that this removal occurred subsequent to a conviction or allege a specific date of the prior removal. Therefore, because the indictment does not allege all elements of Section 1326(b)(1) or (2), the indictment must be dismissed.

**VII.  CONCLUSION**

For these reasons and any further reasons that may appear at the hearing of this matter, the defendant, through counsel, respectfully requests that the Court grant this motion.

Respectfully submitted,


Dated: April 4, 2008                    s/Gerald T. McFadden
                                        GERALD T. McFADDEN, Attorney for
                                        Defendant RAUL ARREOLA-MONTES
                                        E-mail: gtmcfadden@hotmail.com