KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 07CR3208-BEN </br>) </br>Plaintiff,  ) </br>) **GOVERNMENT'S RESPONSE AND** </br>) **OPPOSITION TO DEFENDANT'S MOTION TO:** </br>v.  ) </br>) **(1)   DISMISS THE INDICTMENT BASED ON** </br>)        **INSUFFICIENT ALLEGATIONS,** </br>RAUL ARREOLA-MONTES,  )        **VAGUENESS, AND DUPLICITY;** </br>) </br>) </br>Defendant.  ) **TOGETHER WITH STATEMENT OF FACTS** </br>) **AND MEMORANDUM OF POINTS AND** </br>) **AUTHORITIES** </br>) </br>) Date:   April 18, 2008 </br>) Time:   2:00 p.m. </br>) Court:  The Hon. Roger T. Benitez |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's above-captioned motion. Said response is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//

//

//

I

**STATEMENT OF THE CASE**

On November 28, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Raul Arreola-Montes ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On December 5, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

**STATEMENT OF FACTS**

**A.   Defendant's Apprehension**

On September 2, 2007, the owners of Matolla's Ranch called Border Patrol to report that a suspected illegal alien was on their property. Matolla's Ranch is on the Madre Grande Truck Trail (a location approximately six miles west and 5 miles north of the Tecate Port of Entry). At approximately 6:30 p.m., Border Patrol Agent Carrillo responded to the citizen's report. Upon arriving at the ranch, Agent Carrillo encountered a single individual, who was later identified as Defendant Arreola-Montes. Agent Carrillo identified himself as a Border Patrol Agent and conducted an immigration interview. Defendant admitted he was a Mexican citizen and that he did not have documents allowing him to be in the United States legally.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. On September 3, 2007, at about 12:52 p.m., Agent Gonzalez advised Defendant of his Miranda rights in the Spanish language. Defendant elected to waive his rights and make a statement. Defendant admitted to being a citizen of Mexico and that he had previously been deported. Defendant stated he entered the United States by walking through the mountains near Tecate, California. Defendant admitted he did not ask for or receive permission to reenter the United States. Defendant stated he was going to Los Angeles.

//
//
//

B. **Defendant's Criminal and Immigration History**

On August 7, 2006, Defendant was convicted in the Superior Court of California, County of San Francisco, of violating HS 11378 – Possession of a Controlled Substance for Sale. Defendant was sentenced to 16 months in custody.

On August 31, 2005, Defendant was convicted in the Superior Court of California, County of Contra Costa, of violating HS 11378 – Possession of a Controlled Substance for Sale (based on a 2004 offense) and HS 11350 - Possession of Controlled Substance (based on a 2002 offense). Defendant was sentenced to 16 months in custody on each count, to run concurrently.

On April 26, 2004, Defendant was convicted in the Superior Court of California, County of Contra Costa, of violating VC 14601.2(a) – Driving with a Suspended License. Defendant received 2 years probation. On January 9, 2002, Defendant was convicted in the Superior Court of California, County of Contra Costa, of violating VC 23152(a) – DUI. Defendant received 3 years probation.

After Defendant's first drug trafficking conviction, he was deported by means of an administrative deportation on May 4, 2006. After his second drug trafficking conviction, Defendant appeared before an Immigration Judge for a deportation hearing on March 1, 2007. Defendant was physically removed from the United States through the Calexico, California Port of Entry on March 5, 2007.

### III

### DEFENDANT'S MOTION

A. **THE INDICTMENT IS SUFFICIENT**

Defendant contends that the Court should dismiss the indictment because it does not allege which subsection of Section 1326(b) that he violated. Defendant argues that each of the 1326(b) subsections are a separate crime, and because the particular subsection of 1326(b) was not set forth in the indictment, the indictment is insufficient and duplicitous.

Defendant's interpretation of 8 U.S.C. § 1326(b) runs counter to the interpretation in Almendarez-Torres v. United States, 523 U.S. 233, 235 (1998), which holds that the subsections under 1326(b) are not separate crimes, but sentencing factors that need not be alleged in the indictment. Defendant's arguments are also in direct conflict with subsequent Ninth Circuit caselaw applying the

1  holding in Almendarez-Torres. United States v. Martinez-Martinez, 295 F.3d 1041, 1043 (9th Cir. 2002)
2  (rejecting argument that "§ 1326 is unconstitutional under Apprendi"); United States v. Fresnares-Torres,
3  235 F.3d 481, 482 (9th Cir. 2000) ("Apprendi therefore preserved the specific holding of
4  Almendarez-Torres . . . that 8 U.S.C. § 1326(b)(2) -- the subsection increasing the penalty for previous
5  deportation following conviction of an aggravated felony -- was a mere penalty provision for recidivist
6  behavior and did not define a separate offense.")

7  Defendant makes the strained argument that Congress intended to create four separate "offenses"
8  when it amended Section 1326(b) in 1996. This contention is belied by the very title of this section:
9  "Criminal penalties for reentry of certain removed aliens." This is the same title used prior to the 1996
10 amendments and, as the Supreme Court noted, "the title of a statute and the heading of a section" are
11 "tools available for the resolution of a doubt" about the meaning of a statute. Almendarez-Torres, 523
12 U.S. at 234. Defendant's reliance on Congress's use of the word "offense" in a directive to the
13 Sentencing Commission regarding the Section 1326 guidelines does very little to undermine the ruling
14 in Almendarez-Torres, as the Court itself noted in addressing this same argument:

15 > Regardless, it is not obvious that the two new subsections to which petitioner points
16 > create new crimes (a matter on which we express no view) nor, in adding them, did
17 > Congress do more than leave the legal question here at issue where it found it. The fact
18 > that Congress used a technical, crime-suggesting word-"offense"-eight years later in a
19 > different, and minor, statutory provision proves nothing-not least because it is more than
20 > offset by different words in the same later statute that suggest with greater force the exact
21 > opposite, namely, the precise interpretation of the relation of subsection (b) to subsection
22 > (a) that we adopt. See IIRIRA, § 321(c), 110 Stat. 3009-628 (stating that a new definition
23 > of "aggravated felony" applies "*under*" subsection (b) "*only to* violations " of subsection
24 > (a)).

25 Finally, Defendant claims that the indictment is insufficient under United States v. Salazar-
26 Lopez, 506 F.3d 748 (9th Cir. 2007). In Salazar-Lopez, the Court held that, under Apprendi, the
27 indictment must allege either the date of removal or the fact that the defendant was removed after a prior
28 conviction. Defendant's indictment expressly alleges that he "was removed from the United States

subsequent to August 7, 2006." August 7, 2006 is the date of Defendant's most recent drug trafficking conviction. Thus, this allegation establishes the required temporal relationship between his removal and his prior conviction. See United States v. Garcia-Hernandez, 2008 WL 744248, *7 (S.D. Cal), 07CR2383-L (finding this exact language sufficient under Salazar-Lopez).

For the reasons set forth above, Defendant's motion to dismiss the indictment due to insufficiency and duplicity should be denied.

**B.   THE INDICTMENT PROPERLY TRACKS THE STATUTE AND SUFFICIENTLY INFORMED DEFENDANT OF THE CHARGES AGAINST HIM**

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 7(c)(3) states that an error in the indictment is not a ground for dismissal if it "did not mislead the defendant to the defendant's prejudice." Rule 7(c) was intended to introduce "a simple form of indictment." Advisory Committee Notes to Subdivision (c), Fed. R. Crim. P. 7 (2002). The Ninth Circuit has held that an indictment is generally appropriate if it sets forth the offense in the words of the statute itself. United States v. Musacchio, 968 F.2d 782, 787 (9th Cir. 1991) (indictment that tracks the statute itself is generally sufficient); United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir. 1986). In fact, an indictment that tracks a statute's language is presumptively valid. Musacchio, 968 F.2d at 787.

In Musacchio, this Court reasoned that in judging the sufficiency of the indictment, a court must determine whether the indictment adequately alleges the elements of the crime and whether the defendant was fairly informed of the charges against him, so the defendant can defend himself against the charge and be protected against a subsequent prosecution for the same act. Id. The Government was required to state only the essential facts necessary to inform Musacchio of the crime charged. Id. With respect to violation of 8 U.S.C. § 1326, an indictment that alleges that the defendant is a deported alien, subsequently found in the United States without permission, suffices. United States v. Jackson, 72 F.3d 1370, 1380 (9th Cir. 1995). That is exactly what the Indictment in this case alleges.

Defendant contends that the Indictment is unclear because "the material fact possibilities and variations under Section 1326(b) are so numerous and material fact allegations so absent from the indictment that the indictment's sufficiency is manifest." Defendant is incorrect. The Indictment tracks

1  the language of Section 1326 and was sufficient to put Defendant on notice of the charge against him.
2  In addition, the Indictment includes an additional allegation that Defendant was removed from the
3  United States subsequent to August 7, 2006. This allegation puts Defendant on notice that the
4  Government will be seeking a sentencing enhancement due to the fact that he was removed after the date
5  of his drug trafficking conviction. The Indictment is sufficient and Defendant's motion should be
6  denied.

### IV
### CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant's motions be denied.

DATED: April 11, 2008.

        Respectfully Submitted,

        KAREN P. HEWITT
        United States Attorney

        /s/ *Nicole Acton Jones*
        NICOLE ACTON JONES
        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR3208-BEN |
| Plaintiff, | |
| v. | |
| RAUL ARREOLA-MONTES, | CERTIFICATE OF SERVICE |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Gerald McFadden

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 11, 2008.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney