KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 07CR3208-BEN |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S RESPONSE AND** |
| | ) **OPPOSITION TO DEFENDANT'S MOTIONS TO:** |
| v. | ) |
| | ) **(1) SUPPRESS PHYSICAL EVIDENCE;** |
| | ) **(2) SUPPRESS STATEMENTS;** |
| RAUL ARREOLA-MONTES, | ) **(3) LEAVE TO FILE FURTHER MOTIONS;** |
| | ) **(4) A FURTHER HEARING DATE** |
| | ) |
| Defendant. | ) **TOGETHER WITH STATEMENT OF FACTS** |
| | ) **AND MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES** |
| | ) |
| | ) Date:  April 18, 2008 |
| | ) Time:  2:00 p.m. |
| | ) Court:  The Hon. Roger T. Benitez |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's above-captioned motions. Said response is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//

//

//

# I

## STATEMENT OF THE CASE

On November 28, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Raul Arreola-Montes ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On December 5, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

# II

## STATEMENT OF FACTS

**A.  Defendant's Apprehension**

On September 2, 2007, the owners of Matolla's Ranch called Border Patrol to report that a suspected illegal alien was on their property. Matolla's Ranch is on the Madre Grande Truck Trail (a location approximately six miles west and 5 miles north of the Tecate Port of Entry). At approximately 6:30 p.m., Border Patrol Agent Carrillo responded to the citizen's report. Upon arriving at the ranch, Agent Carrillo encountered a single individual, who was later identified as Defendant Arreola-Montes. Agent Carrillo identified himself as a Border Patrol Agent and conducted an immigration interview. Defendant admitted he was a Mexican citizen and that he did not have documents allowing him to be in the United States legally. See Exhibit 1 (Sworn Complaint and Probable Cause Statement).

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. On September 3, 2007, at about 12:52 p.m., Agent Gonzalez advised Defendant of his Miranda rights in the Spanish language. Defendant elected to waive his rights and make a statement. Defendant admitted to being a citizen of Mexico and that he had previously been deported. Defendant stated he entered the United States by walking through the mountains near Tecate, California. Defendant admitted he did not ask for or receive permission to reenter the United States. Defendant stated he was going to Los Angeles.

//
//
//

**B.      Defendant's Criminal and Immigration History**

On August 7, 2006, Defendant was convicted in the Superior Court of California, County of San Francisco, of violating HS 11378 – Possession of a Controlled Substance for Sale. Defendant was sentenced to 16 months in custody.

On August 31, 2005, Defendant was convicted in the Superior Court of California, County of Contra Costa, of violating HS 11378 – Possession of a Controlled Substance for Sale (based on a 2004 offense) and HS 11350 - Possession of Controlled Substance (based on a 2002 offense) . Defendant was sentenced to 16 months in custody on each count, to run concurrently.

On April 26, 2004, Defendant was convicted in the Superior Court of California, County of Contra Costa, of violating VC 14601.2(a) – Driving with a Suspended License. Defendant received 2 years probation. On January 9, 2002, Defendant was convicted in the Superior Court of California, County of Contra Costa, of violating VC 23152(a) – DUI. Defendant received 3 years probation.

After Defendant's first drug trafficking conviction, he was deported by means of an administrative deportation on May 4, 2006. After his second drug trafficking conviction, Defendant appeared before an Immigration Judge for a deportation hearing on March 1, 2007. Defendant was physically removed from the United States through the Calexico, California Port of Entry on March 5, 2007.

**III**

**DEFENDANT'S MOTIONS**

**A.      DEFENDANT'S IDENTITY AND FIELD STATEMENTS ARE ADMISSIBLE**

Defendant argues that his field admissions and unspecified physical evidence (presumably his identity) must be supressed because "the attendant circumstances did not give rise to the necessary basis to detain or probable cause to arrest ARREOLA-MONTES." [Def's Memorandum at 2.] Defendant, however, has not explained *how* the circumstances violated his Fourth Amendment rights. Defendant's declaration, which only discusses the timing of his various statements, fails to establish a factual dispute as to the circumstances of his initial encounter with Border Patrol. [Def's Declaration ¶¶ 1-6.] Accordingly, an evidentiary hearing is not necessary. See United States v. Howell, 231 F.3d 616, 620-23 (9th Cir. 2000) (holding that "[a]n evidentiary hearing on a motion to suppress need be held only when

1  the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court
2  to conclude that contested issues of fact exist."); United States v. Batiste, 868 F.2d 1089, 1092 (9th Cir.
3  1989) (district court may, but is not required, to hold an evidentiary hearing where the defendant fails
4  to dispute material facts alleged in the statement of facts attached to the complaint ).

**1.     Defendant was not seized during the initial questioning**

To begin, Defendant has not established that Agent Carrillo "seized" him during their initial encounter at Matolla's ranch. Agent Carrillo responded to a citizen's report and found Defendant waiting at the ranch. After identifying himself as a Border Patrol agent, Agent Carrillo conducted a brief immigration interview. Defendant freely admitted his illegal status.  See Exhibit 1. Defendant's declaration does not dispute any of these facts.

Defendant claims that Agent Carrillo seized him during their initial encounter. An encounter rises to the level of a seizure if "a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980). "It is well established, however, that the Fourth Amendment is not implicated when law enforcement officers merely approach an individual in public and ask him if he is willing to answer questions. No Fourth Amendment seizure occurs when a law enforcement officer merely identifies himself and poses questions to a person if the person is willing to listen. This is true whether an officer approaches a person who is on foot or a person who is in a car parked in a public place. " United States v. Washington, 490 F.3d 765, 770 (9th Cir. 2007).

In addition, "[t]he fact that the officer identifies himself as a police officer does not 'convert the encounter into a seizure requiring some level of objective justification.'" United States v. Woods, 720 F.2d 1022, 1026 (9th Cir. 1983), quoting Florida v. Royer, 460 U.S. 491 (1983). This is true even if the officer has the unexpressed intention of detaining the individual were he to refuse to answer or run away. Id. In short, unless the officer displays force or aggression or otherwise behaves in such a way that a reasonable person would not feel free to leave, "a request for identification or information is not a seizure or investigatory stop." United States v. Kim , 25 F.3d 1426, 1430 (9th Cir. 1994).

In this case, Agent Carrillo was alone and there is no indication he used force or aggression during his initial contact with Defendant. Defendant freely admitted his illegal status and his declaration does not contend otherwise. *After* Defendant admitted he was in the United States illegally, Agent

1  Carrillo placed him under arrest and transported him back to the station. Under these circumstances, the
2  initial encounter and questioning was not a Fourth Amendment seizure. Defendant was seized after he
3  admitted his illegal status, but at the point the agent clearly had probable cause to justify an arrest.

### 2.     If Agent Carrillo's questions constituted a seizure, he had reasonable suspicion

Even if the Court finds that Agent Carrillo's consensual interaction with Defendant constituted a seizure, such a seizure was justified by reasonable suspicion. In the context of border patrol stops, the totality of the circumstances creating reasonable suspicion may include the characteristics of the area, the proximity to the border, usual patterns of traffic and time of day and officer experience. See United States v. Brignoni-Ponce, 422 U.S. 873, 884-85; United States v. Sigmond-Ballesteros, 309 F.3d 545, 547 (9th Cir. 2002); United States v. Tiong, 224 F.3d 1136, 1139 (9th Cir. 2000).

Defendant was found at Matolla's ranch, which is located in a remote area approximately 5 miles north of the border between the United States and Mexico. On the date in question, the owners of the ranch encountered Defendant on their property and contacted Border Patrol. When Agent Carrillo responded to the call, Defendant was still at the ranch. Under these circumstances, particularly the proximity to the border and the fact that the owners of the ranch had called for assistance, Agent Carrillo was justified in asking Defendant about his immigration status. See Brignoni-Ponce, 422 U.S. at 881-82 (an "officer may question [individuals reasonably detained near the border] about their citizenship and immigration status, and he may ask them to explain suspicious circumstances, but any further detention or search must be based on consent or probable cause"). Accordingly, Defendant's field statements are admissible. United States v. Cervantes Flores, 421 F.3d 825, 829-30 (9th Cir. 2005); United States v. Galindo-Gallegos, 244 F.3d 728, 732 (9th Cir. 2001)

### 3.     No physical evidence is amenable to suppression

Defendant asks that "physical evidence" be suppressed as a result of his unlawful detention and arrest. [Def's Memorandum at 3.] Even if the Court were to find that the initial questioning of Defendant and/or his subsequent arrest violated the Fourth Amendment, there is no physical evidence in this case that should be suppressed.

In United States v. Garcia-Beltran, the defendant was arrested without probable cause (as the government conceded) for being a deported alien found in the United States. 443 F.3d 1126, 1128 (9th

1  Cir. 2006). In <u>Garcia</u>, the district court held an evidentiary hearing and determined that one piece of
2  evidence – the Defendant's fingerprints – was seized, at least in part, for investigative purposes
3  subsequent to the unlawful arrest. <u>Id.</u> at 1129. Because they were taken, in part, for investigative
4  purposes after an unlawful arrest, the district court suppressed the fingerprints. <u>Id.</u> The district court,
5  however, issued an order compelling Defendant to provide a new set of fingerprints for identification
6  purposes. <u>Id.</u> The Ninth Circuit upheld the district court order compelling defendant to give a set of
7  fingerprint exemplars because "[t]he new set of fingerprints the government now requests, after the
8  federal grand jury indictment . . .has been returned, are not sought out of 'an investigative purpose' but
9  'serve only to further establish his identity.'" <u>Id.</u> at 1134.
10         Here, Defendant's fingerprints were taken post-arrest for identification purposes (which is clear
11 from the fact that Defendant was initially processed for purposes of an administrative reinstatement of
12 his prior removal and not for prosecution). Even if the Court were to find that Defendant's fingerprints
13 were also taken for investigative purposes, the Court could – and, pursuant to <u>Garcia</u>, should – order
14 Defendant to provide a new set of fingerprints for identification purposes. Indeed, the Government
15 already has a motion pending seeking fingerprint exemplars.
16         The only other type of "physical evidence" in this case is Defendant himself. Courts, however,
17 have clearly held that "the 'body' or identity of a defendant. . . .is never itself suppressible as the fruit
18 of an unlawful arrest, even if it is conceded that an unlawful search or interrogation occurred." <u>INS v.</u>
19 <u>Lopez-Mendoza</u>, 468 U.S. 1032, 1039 (1984). Nor would any of the evidence that flowed from the
20 seizing of his body as evidence – including evidence of his identity and prior record – be suppressed.
21 <u>United States v. Guzman-Bruno</u>, 27 F.3d 420, 421-22 (9th Cir. 1994); *see also*, <u>Garcia</u>, 443 at 1133
22 ("The Ninth Circuit has consistently held that evidence concerning th identity of a defendant, obtained
23 after an illegal police action, is not suppressible as 'fruit of the poisonous tree.'"); *see also*, <u>United States</u>
24 <u>v. Roque-Villanueva</u>, 175 F.3d 345, 346 (5th Cir. 1999) (accord).
25 **B.    DEFENDANT'S MOTION TO SUPPRESS POST-<u>MIRANDA</u> STATEMENTS IS MOOT**
26         Defendant moves to suppress his post-<u>Miranda</u> statements on the ground that the statements were
27 taken after an unreasonable delay. Although the Government does not concede that the delay was
28 unreasonable, the Government will not be using Defendant's post-<u>Miranda</u> statements in its case-in-

chief. The Government does intend to use Defendant's field admissions and, as discussed above, those statements are admissible. The Government reserves the right to use Defendant's post-<u>Miranda</u> statements for impeachment or rebuttal purposes and, if that were to happen, a voluntariness inquiry can be conducted prior to the testimony being elicited by Government counsel. Accordingly, the motion should be denied as moot.

**C.   MOTION FOR LEAVE TO FILE FURTHER MOTIONS AND FURTHER HEARING DATE**

The United States does not object to the granting of leave to allow Defendant to file further motions or for a further hearing date, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant's motions be denied, except where unopposed.

DATED: April 11, 2008.

                                                Respectfully Submitted,

                                                KAREN P. HEWITT
                                                United States Attorney

                                                /s/ *Nicole Acton Jones*
                                                NICOLE ACTON JONES
                                                Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3208-BEN |
| Plaintiff, | ) | |
| v. | ) | |
| RAUL ARREOLA-MONTES, | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Gerald McFadden

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 11, 2008.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney